*196
 
 Manly, J.
 

 The question presented for our consideration is, whether the declaration sets out matter that, in law, constitutes slander. For if it do not, according to the case of
 
 Brown
 
 v.
 
 Dula,
 
 3 Murph. 574, the plaintiff was properly nonsuited in the Court below.
 

 Words actionable
 
 per se,
 
 that is say, where no special damage is alleged, must impute an infamous offense. This is well settled by the cases of
 
 Skinner
 
 v. White, 1 Dev. and Bat. 471, and
 
 Wall
 
 v.
 
 Hoskins,
 
 5 Ire. 177. The infamy of the punishment seems to be the criterion by which the effect of words to degrade, socially, is judged, and by which their actionable character is determined.
 

 If the words do not, of themselves, import such offense, they must be helped out by the averment of matter, to give them their proper and the requisite signification.
 

 Where words charge an act committed
 
 in another Stale,
 
 we cannot certainly know without aid, that any offense against law is imputed. That depends upon the law of the State, of which we do not take judicial cognizance. It is necessary, therefore, to complete information as to the character of such words, that it should be averred, and, of course, proved, what the law of the State is, where the act is located.
 

 This principle, with regard to words of the class, we are now considering, is settled by the cases of
 
 Shipp
 
 v.
 
 McCraw,
 
 3 Murph. 466, and
 
 Wall
 
 v. Hoskins, 5 Ire. 177. It is thus settled, not upon the ground, that peril to the plaintiff must be shown, as an ingredient in slander, for peril is not necessary, but because the law, where no special damage is alleged, lias thought proper to annex, social loss only to charges of that class. Contumely is said to be the
 
 grmamen
 
 of the action, and a legal inference of that can only be drawn from the imputation of felonious or other imfamous offenses.
 

 We do not wish to be understood as saying, that the inference of social loss will be drawn in this State from every charge of an offense committed in another State, which, by the laws of that State, is punished infamously. That will de
 
 *197
 
 pend upon the light in which it is regarded here. But upon that discussion, we do not enter.
 

 We are of opinion, therefore, that in a declaration for slander, in charging the plaintiff with perjury in the State of Maryland, it must be averred, that by the laws of Maryland, perjury is an offense to which is annexed an. infamous punishment. What it is necessary to aver, it is necessary, according to a well established principle of pleading, to prove. Allegations without proofs, and proofs without allegations, are ■equally unavailing. 'There is no error.
 

 Per Curiam,
 

 Judgment affirmed.